UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM  MOVIEL**, | ) | Case No.  1:08 CV 1612 |
| | ) | |
| Petitioner, | ) | Judge Patricia A. Gaughan |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **CLIFFORD SMITH**, | ) | (Regarding ECF # 1) |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

William Moviel, former Service Director for the City of Lyndhurst and part-time juvenile Alcoholics Anonymous counselor, is a prisoner in state custody, who with the assistance of counsel, seeks habeas corpus relief under 28 U.S.C. §2254 from his February 9, 2005 plea-bargained convictions on three count of disseminating obscene matter to minors, two counts of illegal use of a minor in a nudity-oriented material/performance, two counts of gross sexual imposition, two counts of public indecency, and one count of possession of criminal tools. (Respondent's Ex. 3). Ultimately he was sentenced as a sexual predator and to eight years incarceration.  Moviel argues for the Federal court to revoke his guilty pleas or at least order reduction of  his sentence. This case is referred to the undersigned for report and recommended disposition pursuant to LR 72.2.


*Procedural History in the Courts of Ohio*:

One of Moviel's challenges to his convictions is based on what he alleges was an improper use of Ohio's *res judicata* principle in overruling his motion to withdraw guilty pleas.  Primarily for this reason a more detailed procedural history of his case in Ohio courts is presented.


Following sentencing Moviel timely appealed raising the following assignments of error:

1:08 CV 1612                                        2

1. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS PLEAS OF GUILTY
WERE INDUCED BY MISINFORMATION CONCERNING POST-RELEASE CONTROL.

2. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT
DETERMINE THAT DEFENDANT UNDERSTOOD THE NATURE OF THE OFFENSES AND
DID NOT ENTER PLEAS OF GUILTY TO ALL OFFENSES.

3. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS IMPROPERLY
SENTENCED TO A PERIOD OF THREE YEARS POST-RELEASE CONTROL AT
SENTENCING.

4. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN DEFENDANT WAS
SENTENCED BASED ON FACTS NOT ALLEGED IN THE INDICTMENT NOR ADMITTED BY
DEFENDANT.

5. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO
CONSECUTIVE SENTENCES WHICH AMOUNTED TO EIGHT YEARS FOR FELONIES OF
THE THIRD DEGREE.

6. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS ADJUDICATED TO
BE A SEXUAL PREDATOR.

(Exhibit 8.)

The state appellate court sustained the first, third and fifth assignments of error and remanded

the case to the trial court for resentencing.  See *State v. Moviel*, 2006 WL 350205, 2006-Ohio-697

(Ohio App. 8 Dist. Feb. 16, 2006 )(*"Moviel I"*). Significantly, this decision found:

{¶ 15} The above plea colloquy indicates the trial court made an exhaustive attempt to ascertain that
Moviel had a clear understanding of the charges and possible penalties before accepting the guilty
pleas. The trial court asked Moviel five different times if he understood the charges against him and
the possible penalties. Each time Moviel stated that he understood, and also indicated that his attorney
had also explained the charges and possible penalties. The trial court even asked if Moviel wanted the
court to explain any aspect of the case or the proceeding more fully, and Moviel indicated he did not.
Thereafter, Moviel admitted in open court that he was in fact guilty of the offense with which he was
charged.

{¶ 16} Based on the record before this court, the totality of the circumstances indicate the trial court
was warranted in making a determination that Moviel understood the charges against him and the
possible penalties and thus, knowingly, intelligently, and voluntarily entered his pleas. Accordingly,
we overrule Moviel's second assigned error.

* * * *

{¶ 22} Here, the record is clear that the trial court informed Moviel that he would be subject to
post-release control once his sentence was served. And, unlike *Gulley,* the record is devoid of any
indication that the trial court conveyed the idea that the period of post-release control would be
discretionary. However, the record reveals that the trial court misstated the period of post-release

1:08 CV 1612                                  3

control as three years, instead of the mandatory period of five years for one charged with a felony sex offense.

{¶ 23} Despite the trial court's misstatement, the record is clear that Moviel was aware that post-release control would be part of his sentence. Further, through his attorney, Moviel informed the trial court that whether the period of post-release control was three years or five years, it would not impact his decision to plead guilty. Consequently, Moviel's guilty pleas were knowingly, intelligently, and voluntarily made. Therefore, the trial court's misstatement was not prejudicial.

                              *   *   *   *

{¶ 42} In order to prevail on a claim of ineffective assistance of counsel, the appellant must show trial counsel's performance fell below an objective standard of reasonableness and such performance resulted in undue prejudice.  An essential element of an ineffective assistance of counsel claim is a showing that, but for trial counsel's alleged errors, there is a substantial probability that the outcome of the trial would have been different.

{¶ 43} In the instant case, the grand jury indicted Moviel under R.C. 2907.05(A)(4), which provides:

> (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
> * * *
> (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

{¶ 44} Moviel now argues that since the two victims were over the age of thirteen, no offense is alleged, therefore, he could not have knowingly, intelligently, or voluntarily entered a plea of guilt. We are not persuaded.

{¶ 45} We have previously concluded that Moviel knowingly, intelligently, and voluntarily pled guilty to ten separate offenses. Pertinent to this assigned error, the record reveals that Moviel was fully aware of the victims' ages and his actions when he pled guilty to the two counts of gross sexual imposition.

{¶ 46} The record also reveals, and the State acknowledges, that the indictment referenced the incorrect subsection, which should have been amended pursuant to Crim.R. 7. However, Moviel was not prejudiced by the State's failure to amend the indictment. The trial court specifically advised Moviel that he was pleading guilty to two fourth degree felonies.

{¶ 47} Morever, Moviel failed to raise the alleged defect in the indictment prior to entering his guilty pleas. Therefore, Moviel waived any error with respect to the indictment by pleading guilty to the offenses as alleged in the indictment. (footnotes omitted).

¶ 48} Based on the record before us, it is conclusive that Moviel knew the nature of the offense to which he pled guilty, despite the reference to the incorrect subsection on the indictment. Accordingly, we overrule Moviel's seventh assigned error.

*State v. Moviel*, 2006 WL 350205,  at *4-9.

1:08 CV 1612                                    4

The portion of the judgment which imposed consecutive sentences was reversed, and the cause was remanded for resentencing and for the trial court to correctly impose the statutory maximum of five years of post-release control; in all other respects, the judgment of the trial court was affirmed.  Prior to the Court of Appeals' opinion being journalized, Moviel filed an application for reconsideration, (Exhibit 12), and a motion for certification of conflict. (Exhibit 13.) On March 7, 2006, the court denied both. (Exhibits 14 & 15.).

Moviel timely filed a counseled appeal to the Ohio Supreme Court. (Exhibit 16, Case No. 06-749.) In his memorandum in support of jurisdiction, Moviel presented the following propositions of law:

> 1. A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN HIS PLEA HAS NOT BEEN KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED WHERE A COURT MISSTATES INFORMATION CONCERNING POST-RELEASE CONTROL.
>
> 2. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE COURT DOES NOT DETERMINE THAT THE DEFENDANT UNDERSTANDS THE NATURE OF THE OFFENSES AND HAS NOT ENTERED PLEAS OF GUILTY TO ALL OFFENSES.
>
> 3. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN A COURT IMPROPERLY SENTENCES A DEFENDANT TO A PERIOD OF THREE YEARS OF POST-RELEASE CONTROL WHERE THERE IS A MANDATORY PERIOD OF FIVE YEARS.
>
> 4. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN A SENTENCE IS BASED ON FACTS NOT ALLEGED IN THE INDICTMENT NOR ADMITTED BY DEFENDANT WAS SENTENCED BASED ON FACTS NOT ALLEGED IN THE INDICTMENT NOR ADMITTED BY DEFENDANT.
>
> 5. A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN HE WAS ADJUDICATED TO BE A SEXUAL PREDATOR WITHOUT ANY EVIDENCE OF A CLEAR AND CONVINCING NATURE.
>
> 6. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW AND EFFECTIVE ASSISTANCE OF COUNSEL WHERE DEFENDANT HAS ENTERED PLEAS TO COUNTS OF GROSS SEXUAL IMPOSITION WHICH FAILED TO ALLEGE AN OFFENSE.

(Exhibit 17.)

1:08 CV 1612                                         5

On August 23, 2006, the Ohio Supreme Court accepted the appeal on proposition of law number four and ordered the case reversed and remanded to the court of appeals for re-sentencing consistent with *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.  See (Exhibit 19.); *In re Ohio Criminal Sentencing Statutes Cases,* 110 Ohio St.3d 156, 157 at ¶ 6, 852 N.E.2d 156, 2006-Ohio-4086 (2006).

Following remand to the trial court for resentencing, Moviel moved for discharge contending that the greatest offense level in his guilty pleas was to a felony of the third degree, which  carried a minimum one year sentence, and that he should have been sentenced to the minimum one year sentence, which he had already served. (Exhibit 20). On October 13, 2006, Moviel moved to withdraw his guilty plea alleging that he received ineffective assistance of counsel because he was misinformed and misrepresented regarding the nature of the offenses. (Exhibit 21). On October 16, 2006, prior to re-sentencing, the state trial court heard arguments on both motions and both were denied. (Exhibit 22, Tr. Pp 1-10.). On October 26, 2006, Moviel was re-sentenced to eight years incarceration with 5 years post release control. (Exhibit 23).  Moviel was once again adjudicated a sexual predator. (Exhibit 24).

Moviel then filed his second appeal raising the following assignments of error:

1. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED DEFENDANT'S MOTION TO WITHDRAW HIS PLEA.

2. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT CONDUCT A HEARING ON DEFENDANT'S MOTION TO WITHDRAW HIS PLEAS.

3. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION TO SATISFY SENTENCE AND DISCHARGE DEFENDANT.

4. DEFENDANT WAS DENIED DUE PROCESS OF LAW AND THE COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT WITHOUT CONSIDERATION OF THE STATUTORY CRITERIA.

1:08 CV 1612                                6

    5. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT FINED DEFENDANT AFTER DEFENDANT HAD BEEN DECLARED INDIGENT.

    6. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS ADJUDICATED A SEXUAL PREDATOR WITHOUT THE PRESENTATION OF ANY EVIDENCE.

(Exhibit 27.)

    On November 8, 2007, the Court of Appeals issued a journal entry and opinion affirming the judgment of the trial court. (Exhibit 29.); *State v. Moviel*, 2007 WL 326888, 2007-Ohio-5947 (Ohio App. 8 Dist.)(*"Moviel II"*).

    Moviel again engaged in a counseled appeal to the Ohio Supreme Court. (Exhibit 30, Case No. 08-48.) In his memorandum in support of jurisdiction, Moviel presented the following propositions of law:

    1. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN A COURT OVERRULES A MOTION TO WITHDRAW A PLEA OF GUILTY PRIOR TO SENTENCING BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL.

    2. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN A COURT DOES NOT CONDUCT AN ACTUAL HEARING ON A MOTION TO WITHDRAW A PLEA OF GUILTY.

    3. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN A COURT FAILS TO GRANT DEFENDANT'S MOTION TO SATISFY SENTENCE AND DISCHARGE HIM BASED ON A CHANGE IN THE LAW.

    4. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE SENTENCING COURT FAILS TO CONSIDER ANY STATUTORY CRITERIA.

    5. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHERE HE HAS BEEN ADJUDICATED TO BE A SEXUAL PREDATOR WITHOUT THE PRESENTATION OF ANY EVIDENCE.

(Exhibit 31).

    On appeal the Ohio Supreme Court found no substantial constitutional question, except Chief Justice Moyer dissented and wished to accept the appeal with the court's review of *State v. Clark*,

1:08 CV 1612                                   7

2007 WL 1113968 (Ohio App. 11 Dist.). [1] *State v. Moviel*, 117 Ohio St. 3d 1497, 885 N.E.2d 954, 2008-Ohio-2028 (Table 2008).


**FEDERAL HABEAS CORPUS**:

Respondent Clifford Smith, warden of the North Central Correctional Institution in Marion, Ohio, concedes that Moviel's federal petition is both timely and fully exhausted. [2]  Federal habeas corpus is "an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. U.S.*, 523 U.S. 614, 621, 118 S.Ct.1604, 140 L.Ed.2d 828(1998)(quoting *Reed v. Farley*, 592 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994)).  Federal habeas corpus review is conducted under Congressionally circumscribed rules set out in §2254(d) which allow the writ to be granted in situations where the state appellate court decision is "contrary to" or "an unreasonable

---

[1]  In that other matter, the Ohio Supreme Court  reversed the plea-bargained conviction. The Ohio Supreme Court held that if the trial judge partially complies with plea colloquy requirements by at least mentioning mandatory post-release control without explaining it, the plea may be vacated only when defendant demonstrates actual prejudice. *State v. Clark*, 119 Ohio St. 3d 239, 893 N.E.2d 462, 2008-Ohio-3748 (2008). The Supreme Court emphasized the differences  between parole and post-release control to find that the trial court's confusing use of the terms parole and post-release control interchangeably did not convey accurate information to the defendant for him to understand the consequences of his guilty plea.

[2]  Respondent  has conceded timeliness for all grounds.  This is despite the fact that  the petition's first ground raises grounds which were addressed by the state courts only in "*Moviel I,*" for which state review concluded in 2006. Respondent maintained in his answer that his conviction did not become final until Moviel's appeal from resentencing was concluded. Respondent's reasoning aligns with the reasoning in *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003), that resentencing restarts the statute of limitations period for all of the claims in the habeas petition.  However, this method of time calculation was rejected in *Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir. 2007). In the Sixth Circuit time is calculated based on the content of the prisoner's claim. *Id.*, and see *Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006)(claims addressed for the first time by the state courts **only after resentencing** were timely).  While the matter of a petition's timeliness may be raised *sua sponte* when the court is confronted by an evident miscalculation,  a district court's decision to override an intelligent and deliberate waiver of a limitations defense would be an abuse of discretion. See *Day v. McDonough*, 547 U.S. 198, 202-03, 126 S.Ct. 1675, 1679-80, 164 L.Ed.2d 376 (2006).  Consequently, Respondent's waiver of timeliness must stand.

1:08 CV 1612                                        8

application" of "clearly established" Federal law as set forth by the Supreme Court of the United States or when there is an unreasonable determination of the facts.

A state appellate court decision is "contrary to" Supreme Court precedent when either "the state court confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a result different from [Supreme Court] precedent," or "'applies a rule that contradicts the governing law set forth' in those precedents." *Brumley v. Wingard,* 269 F.3d 629, 638 (6th Cir.2001)(quoting *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); and see *Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). When the state decision does not identify what legal precedent or standard was used as the foundation for its decision, a deferential standard of review applies, which liberally states, "that a state court need not even be aware of all precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Mitchell v. Esparza*, 540 U.S. 12, 16, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003)( quoting *Early v. Packer*, 537 U.S. 3, 7-8, 123 S.Ct. 352, 154 L.Ed.2d 263 (2000) (*per curiam*)).

A state court decision is an "unreasonable application" of Supreme Court precedent when the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. See  *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462, 162 L.Ed.2d 360 (2005); *Williams*, 529 U.S. at 413. Or conversely stated, " a federal court may grant relief when a state court has misapplied a 'governing

1:08 CV 1612                                    9

legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003)(quoting *Lockyer*, 538 U.S. at 76, 123 S.Ct. at 1175). The unreasonable application of Supreme Court precedent must, however, be "objectively" unreasonable. *Lockyer*, 538 U.S. at 75, 123 S.Ct. at 1174 (citing *Williams,* 529 U.S. at 410, 412, 120 S.Ct. at 1521-22); *Wiggins,* 539 U.S. at 520-21, 123 S.Ct. at 2535.  That is, it must be more than incorrect or erroneous. *Ibid*. When the state court has rendered a decision, the federal reviewing court  may not grant the writ in its "independent review of the legal question."  *Lockyer v. Andrade*, 538 U.S. at 75, 123 S.Ct. at 1174; *Yarborough v. Alvarado*, 541 U.S. 652, 665, 124 S.Ct. 2140, 2150, 158 L.Ed.2d 938 (2004).

The phrase "clearly established Federal law" refers to holdings, as opposed to *dicta,* of the U.S. Supreme Court at the time of the relevant state court decision.  *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.E.d2d 389 (2000);  *Bell v. Cone*, 535 U.S. 685, 698, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914(2002). "[I]t is not  'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court."  *Knowles v. Mirzayance.* -U.S.-*,*129 S.Ct.1411,1419, 173 L.Ed.2d 251 (2009)(quoting *Wright v. Van Patten*, 552 U.S. 120, 128 S.Ct., 743,746-47, 169 L.Ed.2d 583 (2008) (*per curiam*); *Schriro v. Landrigan*, 550 U.S. 465, 478, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007); *Carey v. Musladin*, 549 U.S. 70, 76-77, 127 S.Ct. 649, 654, 166 L.Ed.2d 482 (2006)).

1:08 CV 1612                                    10

### A: Ground I-Part I-Ineffective Assistance of Trial Counsel:

Moviel contends under his first ground:

Petitioner entered pleas of guilty to various offenses. He was not properly advised
by counsel as to the nature of the pleas nor by the court as to the nature of the pleas.
Petitioner even entered a plea of guilty to a charge with did not contain all the
elements of the offense. Petitioner attempted to withdraw his pleas of guilty but this
was denied arbitrarily by the trial court.

Respondent Smith understands this first ground relates to Movie's first state appeal, referring to

Respondent's  Exhibit  8, Moviel's Appellate Brief in "*Moviel I.*"  Moviel's first ground is an

amalgamation of three claims, ineffective assistance of counsel, trial court's failure to inform him

of the nature of the "pleas," and the third claim of arbitrary denial of his motion to withdraw guilty

pleas (which was argued in *Moviel II*).


Respondent argues that the state appellate court held that Moviel failed to allege a

constitutional challenge to his guilty pleas and only raised a statutory challenge under Ohio R. Crim.

P. 11(C).  This is incorrect. A constitutional claim of  ineffective assistance of counsel was raised

in the original appeal in *"Moviel I"* to the Eighth District Court of Appeals (as the seventh

assignment of error) and the Ohio Supreme Court (as the sixth proposition of law).  Moviel had

argued that trial counsel had been ineffective in advising him to plead guilty to a defective

indictment charging gross sexual imposition involving persons less than 13 years of age under Ohio

Rev. Code §2907.05(A)(4), when both victims were 15 years of age. (See Procedural History

above).

1:08 CV 1612                                    11

Gross sexual imposition in Ohio is generally a fourth degree felony except when the victim is under the age of 13 or when the perpetrator administers a controlled substance to impair the victim's will. Then it becomes a third degree felony.  See Ohio Rev. Code §2907.05(B). The trial court clearly noted on its journal entry that Moviel pled guilty to two counts of gross sexual imposition at an "F4" offense level. (See Resp. Ex. 4, ECF # 6-1 p. 6/103).

*Counseled Guilty Pleas in general:*

Moviel's petition involves his guilty pleas to a 10 count indictment. Several of the charged offenses were amended by oral agreement and without formality at the plea hearing. A "voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Martin*, 526 F.3d 926, 932 (6th Cir.2008) (quoting *United States v. Pickett*, 941 F.2d 411,416(6th Cir.1991)); and see *United States v. Davis*, 452 F.2d 577, 578 (9th Cir. 1971)("Appellant does not assert that his guilty plea was involuntary, nor that it was made with a misunderstanding of the nature of the charge or the consequences of the plea.").   For a guilty plea to be valid, it must appear on the record that the defendant entered a guilty plea voluntarily and intelligently.  *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274, 279 (1969).  "A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf,* 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005)(quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). "Where a defendant pleads guilty to a crime without having been informed of the crime's elements, this

1:08 CV 1612                                      12

standard is not met and the plea is invalid." *Bradshaw v. Stumpf,* 545 U.S. at 183, 125 S.Ct. at 2405

(citing *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)).


Moviel's petition involves two guilty pleas to a variance of gross sexual imposition at the

F4 offense level when the indicted offense involving victims under the age of 13 years carried a

greater F3 offense level. See Ohio Rev. Code §2907.05(B).[3]  In that regard this case is analogous

to *Henderson v. Morgan*, where the defendant was indicted for first-degree murder but agreed to

plead guilty to second-degree murder. See *Henderson*, 426 U.S. at 642, 96 S.Ct. at 2256. Naturally,

the indictment did not describe the elements of second-degree murder and consequently whether

defendant knowingly and intelligently waived  his rights became an issue in *Henderson.*  The U.S.

Supreme Court set a low standard for such instances, explaining:

> Petitioner argues that affirmance of the Court of Appeals will invite countless
> collateral attacks on judgments entered on pleas of guilty, since frequently the record
> will not contain a complete enumeration of the  elements of the offense to which an
> accused person pleads guilty. We think petitioner's fears are exaggerated.
>
> Normally the record contains either an explanation of the charge by the trial judge,
> or at least a representation by defense counsel that the nature of the offense has been
> explained to the accused. Moreover, even without such an express representation, **it
> may be appropriate to presume that in most cases defense counsel routinely
> explain the nature of the offense in sufficient detail to give the accused notice of
> what he is being asked to admit.** This case is unique because the trial judge found
> as a fact that the element of intent was not explained to respondent. Moreover,
> respondent's unusually low mental capacity provides a reasonable explanation for
> counsel's oversight; it also forecloses the conclusion that the error was harmless
> beyond a reasonable doubt, for it lends at least a modicum of credibility to defense
> counsel's appraisal of the homicide as a manslaughter rather than a murder. (footnote
> omitted emphasis supplied).

---

[3] The indictment stated that the victims were over the age of 13 in the first, fourth, and fifth counts which
specified that the victim's birth dates were September  9, 1986 and February 4, 1986, and the earliest instance of alleged
gross sexual imposition was December 2001. This computes to 15, not 13, years after the victims' birth dates. (See Resp.
Ex. 1 Indictment, ECF # 6-1, pp 1,2 / 103). There had been a careless arithmetic error by the grand jury.

1:08 CV 1612                                    13

*Henderson v. Morgan,* 426 U.S. at 646-647, 96 S.Ct. at 2258.


      Especially pertinent to this case, defense counsel has a duty under the Sixth Amendment to conduct adequate factual investigation and to understand the law relating to the alleged facts, so counsel can spot flaws in the indictment. See *Joseph v. Coyle*, 469 F.3d 441, 460 (6th Cir. 2006). After fulfilling these duties,  "counsel may still advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances." *U.S. v. Cronic,* 466 U.S.648, 657, 104 S.Ct. 2039,  2046, 80 L.Ed.2d 657 (1984) (citing *Tollett v. Henderson*, 411 U.S. 258, 266-268, 93 S.Ct. 1602, 1607-1608, 36 L.Ed.2d 235 (1973)). Otherwise, the validity of a plea may be challenged due to a lack of reasonably competent advice, which negates the voluntary and intelligent character of the guilty plea. See *Bradshaw v. Stumpf*, 545 U.S. 175, 186, 125 S.Ct. 2398, 2407, 162 L.Ed.2d 124 (2005); *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985);  *Tollett v. Henderson*, 411 U.S. at 267, 93 S.Ct. at 1608; *McMann v. Richardson*, 397 U.S. 759,771, 90 S.Ct. 1441, 1449,  25 L.Ed.2d 763 (1970).  However, the validity of a plea may not be challenged when reasonably competent advice turns out in hindsight "to be mistaken either as to the facts or as to what a court's judgment might be on given facts." *U.S. v. Broce,* 488 U.S. 563, 572, 109 S.Ct. 757, 764, 102 L.Ed.2d 927 (1989)(quoting *McMann v. Richardson*, 397 U.S. at770, 90 S.Ct. at 1448; and citing *Tollett v. Henderson*, 411 U.S. at 267, 93 S.Ct. at 1608)).


*State Court Decision:*

      The state appellate court reasoned that Moviel had not met his burden under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and sundry state cases, by

1:08 CV 1612                                             14

showing "but for trial counsel's alleged errors, there is a substantial probability that the outcome of the trial would have been different" See *"Moviel I*," 2006 WL 350205 at ¶42, Page 3 of R&R). The state appellate court reasoned that the record revealed that Moviel was fully aware of the victims' ages and the trial court specifically advised Moviel that he was pleading guilty to two fourth degree felonies. *Id.*, at ¶¶ 45-46. The state decision addressed "prejudice" stating that  "Moviel was not prejudiced by the State's failure to amend the indictment. The trial court specifically advised Moviel that he was pleading guilty to two fourth degree felonies." *"Moviel I"* at ¶ 46 (Page 3 of R&R). It is apparent that the state court decision did not correctly apply *the second part* of the two-part test from *Hill v. Lockhart*.


*State Decision was not an Unreasonable Application of Hill v. Lockart:*

There is no question that the state appellate decision recognized the two-prong deficient performance / actual prejudice standard from *Strickland v. Washington*, 466 U.S. at  687-88, 104 S.Ct. at 2064-2065.  This test requires defendant to demonstrate  that  counsel was not functioning as the "'counsel 'guaranteed the defendant by the Sixth Amendment,'" and second defendant "must show that the deficient performance prejudiced the defense;" so that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. at 687-94, 104 S.Ct. at 2064-68; *Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000).


In the context of  guilty pleas, however, *Strickland's* two-part test has been honed to first require defendant to show deficient performance pursuant to the criteria under *Strickland*, followed

1:08 CV 1612                                                    15

by actual prejudice by  showing that there was a "reasonable probability" that, but for counsel's erroneous advice, defendant would not have pleaded guilty and would have insisted on going to trial.[4]  See *Hill v. Lockhart*, 474 U.S. at 58-59, 106 S.Ct. at 370 (citing *Strickland v. Washington*, *McMann v. Richardson* and *Tollett v Henderson*); and see  *Maples v. Stegall*, 340 F.3d 433, 439-40 (6th Cir. 2003).  This element of prejudice is critical and "fail[ure] to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test" is fatal to the claim of ineffective assistance of counsel and negates evidentiary hearing. *Hill*, 474 U.S. at 60, 106 S.Ct. at 371("Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial."). Moviel did indeed allege that if he had been advised correctly, it was "reasonablely probable" that he would not have pleaded guilty in these circumstances. (See Resp. Ex. 8, Appellant's Brief, p. 28, ECF# 6-1, p. 58/103).

        The state appellate court applied the more generalized prejudice standard from *Strickland v. Washington,* rather than *Hill v. Lockhart,* despite Moviel's reliance on  *Hill.*  (See Resp. Ex. 8, Appellant's Brief, p. 28, ECF # 6-1, p. 58/103).  So the question arises whether *Strickland* supplied the "correct governing principle" for review under §2254(d)(1)'s deferential "unreasonable application" standard.  The Sixth Circuit in *Griffin v. U.S.*, has answered this question negatively, finding *Strickland* is not the correct standard because it is easier to show prejudice in the guilty plea

───────────────

[4] See *Magana v. Hofbauer,* 263 F.3d 542, 550 (6th Cir. 2001), explaining that prejudice under *Hill* requires only that absent deficient performance there would have been a "reasonable probability" to either accept or reject a plea offer, and not absolute certainly.

1:08 CV 1612                                  16

context under *Hill*. See *Griffin*, 330 F.3d 733, 737 & n.1 (6th Cir. 2003). [5]  However, this holding

pertains only to the second part of the two-part test of prejudice.

Under both *Strickland* and *Hill* the first part of the two-part test requires petitioner to

establish deficient performance and both parts of the two-part test must be met to establish

ineffective assistance of counsel.  Though the state appellate court adjudicated the prejudice

component from *Hill*, with unnecessary complication, its findings concerning the first part of the

test, deficient performance, are unassailable.

In assessing whether there was a knowing, voluntary and intelligent guilty plea in another

part of the decision, the state appellate court found that counsel had in fact explained the charges and

penalties:

> The trial court asked Moviel five different times if he understood the charges against him and the
> possible penalties. Each time Moviel stated that he understood, and also indicated that his attorney had
> also explained the charges and possible penalties. The trial court even asked if Moviel wanted the
> court to explain any aspect of the case or the proceeding more fully, and Moviel indicated he did not.

"*Moviel I*," ¶15 (See Page 3 of R&R).

---

[5]  *Griffin v. U.S.* quoting *Ostrander v. Green*, 46 F.3d 347, 352 (4th Cir.1995) overruled on other grounds by
*O'Dell v. Netherland*, 95 F.3d 1214, 1222 (4th Cir.1996):

> As the court in *Ostrander* explained,
> [T]he district court applied the wrong legal standard to Ostrander's ineffective assistance claim. It used
> the *Strickland v. Washington* test instead of the more specific *Hill v. Lockhart* standard for guilty pleas
> induced by ineffective assistance. There is a significant difference between the tests. Under *Strickland*,
> the defendant shows prejudice if, but for counsel's poor performance, there is a reasonable probability
> that the outcome of the entire proceeding would have been different. Under *Hill*, the defendant must
> show merely that there is a reasonable probability that he would not have pled guilty and would have
> insisted on going to trial.

*Griffin v. U.S.,* 330 F.3d at 737 n.1.

1:08 CV 1612                                      17


Moviel claims that he pleaded guilty to a "non-existent offense." Sexual conduct with 15 year olds, in itself, does not constitute gross sexual imposition in Ohio. However, there are alternative sets of elements that define this crime under Ohio Rev. Code §2907.05(A): of force (See §2907.05(A)(1)); impairment by drug, intoxicant, or controlled substance (See §2907.05(A)(2) &(3)); or when the victim's ability to resist is substantially impaired by mental or physical condition (See §2907.05(A)(5). These alternative definitions of gross sexual imposition are all punishable as F4 offenses. [6]   There is nothing in the record showing which alternative charge was the basis for his plea. All that is known is that Moviel agreed to plead to a lesser degree of gross sexual imposition - twice.  He now argues that he was not" properly" advised by counsel as to the nature of the "pleas," presumably meaning nature of the charges.

---

[6]  Ohio Rev. Code § 2907.05(A) reads:
No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
(1) The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force.
(2) For the purpose of preventing resistance, the offender substantially impairs the judgment or control of the other person or of one of the other persons by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception.
(3) The offender knows that the judgment or control of the other person or of one of the other persons is substantially impaired as a result of the influence of any drug or intoxicant administered to the other person with the other person's consent for the purpose of any kind of medical or dental examination, treatment, or surgery.
(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

1:08 CV 1612                                    18

However, two matters stand against this claim.  First there is the presumption under *Henderson* that counsel did explain the charges. See *Henderson v. Morgan,* 426 U.S. at 646-647, 96 S.Ct. at 2258 ( "defense counsel routinely explain[s] the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.").  Second, the state court found at ¶15 in "*Moviel I*" that counsel had in fact explained the charges and penalties. Moviel admitted to receiving counsel's advice a the plea hearing, and his post-sentencing grievance is merely a conclusory self-serving statement that this advice was not "proper."


Moviel's statements at the plea hearing are given a "strong presumption of verity." See *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621,1629, 52 L.Ed.2d. 136 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* (citing *Machibroda v. U.S.*, 368 U.S. 487, 495-496, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962)).  Clearly that is what Moviel has presented to the court, a conclusory allegation unsupported by specifics.  Add to this the presumption under 28 U.S.C. §2254(e)(1) that the state court's determination of this factual issue is correct and can only be rebutted with "clear and convincing evidence," then the inevitable conclusion is  that Moviel has come nowhere near demonstrating deficient performance by trial counsel. See  *Mitzel v. Tate,* 267 F.3d 524, 537 (6th Cir. 2001); and see  *Miller-El v. Dretke*, 545 U.S. 231, 240, 125 S.Ct. 2317, 2325,162 L.Ed.2d 196 (2005).

1:08 CV 1612                                        19

Resolving the issue of counsel's performance in relation to guilty pleas does not require unmasking the alternate F4 forms of gross sexual imposition to which Moviel had pled guilty under *de facto* amendment for the purpose of the plea agreement.  What matters is that Moviel admitted to being advised by counsel on the nature of the charges and penalties, and that he understood the nature of the charges and penalties. The record establishes that the indictment charged a flawed F3 offense, Moviel was advised by counsel, and Moviel did not plead guilty to gross sexual imposition as an F3 offense.  These facts establish that counsel had been effective by spotting the flaw in the indictment and negotiating gross sexual imposition down to an F4 offense.  See *Joseph v. Coyle*, 469 F.3d at 460; Resp. Ex. 3, Journal Entry of Guilty Plea, ECF # 6-1 p. 5/103) .   The prejudice prong from *Hill v. Lockhart* becomes inconsequential. Accordingly, the state appellate court's decision that counsel's performance was not deficient was neither contrary to nor an unreasonable application of clearly established Federal law to warrant reversal under 28 U.S.C.§2254(d).

### B: Ground I-Part II- Improper Advice from Trial Court:

The second part of this first ground concerns Moviel's argument that the trial court  was complicit also in failing to inform him of the nature of the "pleas" for the two charges of gross sexual imposition which did not contain all the elements of the offense.  The state appellate court rejected this part of the challenge to the gross sexual imposition convictions reasoning that "Moviel knew the nature of the offense to which he pled guilty, despite the reference to the incorrect subsection on the indictment, which should have been amended pursuant to Crim. R. 7," and that his failure to raise the "alleged defect" resulted in waiver of the error. See *"Moviel I,"* 2006 WL 350205 at ¶¶ 47-48, (Page 3 of R&R).

1:08 CV 1612                                      20

What occurred was that the indictment was amended to a variance of the original gross sexual imposition charge, at a reduced F4 offense level. [7]   Both waiver of indictment defect and variance do not offend due process. See *Reed v. Ross,* 468 U.S. 1, 12 n.8, 104 S.Ct. 2901, 2908 n.8, 82 L.Ed.2d 1 (1984)(quoting *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973)  ("[d]efenses and objections based on defects in the institution of the prosecution or in the indictment ... may be raised only by motion before trial," and that the failure to present such defenses or objections "constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver.");  *Martin v. Kassulke*, 970 F.2d 1539, 1543-45 (6th Cir. 1992)("A variance is not material, or does not rise to the level of a constructive amendment, unless the variance misleads the accused in making her defense or exposes her to the danger of double jeopardy.'); *Watson v. Jago*, 558 F.2d 330, 334 (6th Cir. 1977)(non-consensual variance is subject to harmless error rule).


From the trial court's perspective the indictment charging Moviel did charge the offense of gross sexual imposition, but was also internally inconsistent since it identified the victims as 15 years of age at the time of the offenses. The indictment put Moviel both on notice of the charges and simultaneously gave him an absolute defense.  However, defects in an indictment do not deprive the court of the power to adjudicate the case. See *United  States v. Cotton,* 535 U.S. 625, 629-30, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002). Procedural due process requires that the indictment: "(1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant against double jeopardy." *Joseph v. Coyle,* 469 F.3d at 463 (quoting

---

[7] Amendment is proper under Ohio's procedure since the amendment  was either to the same offense or a lesser included offense. See *City or Middletown v. Blevins*, 35 Ohio App. 3d 65,67, 519 N.E. 2d 846, 849 (1987); Ohio Crim R. 7(D).

1:08 CV 1612                                                    21

*Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir.2005)); and see *Cole v. Arkansas*, 333 U.S. 196, 201, 68 S.Ct. 514, 92 L.Ed. 644 (1948). The law is clear that "[b]eyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker,* 316 F.3d 557, 570 (6th Cir. 2002) (citing *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir.1986) ). The Constitution only requires that whatever charging method a state employs, the state must give a defendant fair notice of the charges to permit adequate preparation of his defense, so "that the offense be described with some precision and certainty so as to apprise the accused of the crime with which he stands charged." *Olsen v. McFaul*, 843 F.2d 918, 930 (6th Cir. 1988); *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984); *Combs v. Tennessee*, 438 F.2d 695, 698 (6th Cir. 1976) *cert. denied*, 425 U.S. 954 (1976); *In re Ruffalo*, 390 U.S. 544 (1968).

        In this challenge to guilty pleas based on *Henderson v. Morgan*, the state has at least two means to meet its burden of a voluntary and intelligent guilty plea. Usually, when a plea challenge is raised, the respondent generally satisfies its burden by producing a transcript of the state court proceeding. See *Wright v. Lafler,* 247 Fed.Appx. 701, 705-706 (6th Cir. 2007)(citing *Garcia v. Johnson,* 991 F.2d 324, 326-27 (6th Cir. 1993). With this foundation, "[t]he factual findings of a state court that the plea was proper generally are accorded a presumption of correctness." *Railey v. Webb,* 540 F.3d 393, 417 (6th Cir. 2008)(quoting *Garcia* , 991 F.2d at 326.). Respondent, though, has opted not to provide a copy of the plea transcript.

        The alternative under *Henderson* is the presumption that counsel has fulfilled this task of educating the defendant as to the nature of the charges. As explained previously, Moviel has not

1:08 CV 1612                                  22

overcome the presumption that such advice was provided nor the presumption of correctness
afforded to state court findings under 28 U.S.C. §2254(e)(1) that counsel had advised Moviel of the
nature of the charges.


Moviel seeks to take advantage of this situation where the trial record does not explicitly
identify in open court which set of elements this variance was based. However, in *Henderson* the
U.S. Supreme Court rejected the high standard of requiring a complete enumeration of the elements.
See *Henderson v. Morgan,* 426 U.S. at 646-647, 96 S.Ct. at 2258. That decision required only that
there be some representation that counsel had explained the nature of the charges, which had
occurred at Moviel's plea hearing.   While the necessity of a factual basis for the pleas exists as a
Federal procedural matter (See 18 U.S.C. Fed. R. Crim. P. 11(b)(3)), there is no such state
requirement,[8] nor  does constitutional due process require an underlying factual basis for guilty
pleas.[9]   Therefore, Moviel has failed to demonstrate that the state decision was contrary to or an
unreasonable application of clearly established Federal law.


### C: Ground I-Part III- and Ground II. Arbitrary Denial of Motion to Withdraw guilty Pleas:

---

[8] *State v. Post,* 32 Ohio St.3d 380, 387, 513 N.E.2d 754, 761 (1987); *State v. Ricks*, 48 Ohio App.2d 128, 2 O.O.3d 104, 356 N.E.2d 312 1976).

[9] "Moreover, due process does not mandate a factual basis inquiry by state courts. See, *e.g.*, *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir.), *cert. denied*, 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147 (1975); *Wade v. Coiner, supra*, 468 F.2d at 1060; see also *Willet v. Georgia*, 608 F.2d 538, 540 n. 1 (5th Cir.1979); *Fambo v. Smith*, 433 F.Supp. 590, 593 n. 1 (W.D.N.Y.), aff'd, 565 F.2d 233 (2d Cir.1977).  Further, it is Fed.R.Crim.P. 11, not due process, that requires federal courts to conduct a factual inquiry before accepting a guilty plea. *McCarthy v. United States*, 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969)."

*Willbright v. Smith,* 745 F.2d 779, 780 (2nd Cir. 1984).

1:08 CV 1612                                23

This final part of the first ground and Moviel's second ground is based on contentions raised in *"Moviel II,"* where Moviel had argued that the denial of his motion to withdraw guilty pleas was a denial of due process (presumably Federal). See Resp. Ex 27, Appellant's Brief, pp.7-17, ECF # 6-4, pp. 31-41/139).  Moviel argues in his second ground that:

> prior to sentencing, [he] moved to withdraw his pleas of guilty. This was denied by the court without a hearing nor an opportunity to be heard. Petitioner had been denied effective assistance of counsel and due process of law and asserted meritorious grounds to withdraw his pleas of guilty which was denied by the court.

*State Court Decision:*

The  state appellate court found that the trial court had been divested of jurisdiction to consider a motion to withdraw guilty plea once the judgement of conviction had been affirmed by the appellate court. See *"Moviel II,"* 2007 WL 3286888 at ¶20-21 (citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94,97-98, 378 N.E.2d 162,165 (1978)("Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court."). Simply put, the state court found the motion to withdraw guilty pleas untimely.  Alternatively, the state appellate court reasoned that even assuming that the trial court had jurisdiction, the matter was *res judicata*  since the issues raised had been previously adjudicated in *"Moviel I."* See *"Moviel II,"* at ¶¶ 22-27. [10]

---

[10]    "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

*State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104(1967)(syllabus ¶ 9).

1:08 CV 1612                                        24

*Issues raised concerning denial of motion to withdraw guilty plea are non-cognizable:*

In his traverse Moviel argues that there have been inconsistent rulings based on application of *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, in particular, the decision in *State v. Douse,* 2003 WL 22251444 (Ohio App. 8 Dist.), where the trial court was held to have had jurisdiction to decide a motion to withdraw guilty plea because the state appellate court had vacated the matter for resentencing. *State v. Douse* was subsequently distinguished in *State v. Cvijetinovic,* 2003 WL 23010040 (Ohio App. 8 Dist.), which held that the trial court lacked jurisdiction over a motion to withdraw guilty plea when the guilty plea was affirmed and the case remanded for the limited purpose of resentencing.

The point is that no Federal constitutional principles were involved in this debate over whether *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, governed . See *Cvijetinovic v. Eberlin,* 617 F.Supp.2d 620, 650 -651 (N.D.Ohio 2008). Moviel's issue distills to timeliness of his motion to withdraw guilty plea, and the state decision was that it was not timely but barred due to the prior appeal. Moviel's self-proclaimed due process issue is merely an oblique attack on state procedural rules with no Federal question in sight. His claim is that the was denied a hearing due to the application of *res-judicata* and *State ex rel Special Prosecutors*. This is pure and simple a question of state procedure, and  "[a] claim based solely on an error of state law is not

1:08 CV 1612                                    25

redressable through the federal habeas process." *Norris v. Schotten,* 146 F.3d 314, 328 (6th Cir.1998)(citing *Estelle v. McGuire*, 502 U.S.62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)).


Second, the alternate basis for the state decision was the doctrine of *res judicata* in criminal proceedings. This doctrine in Ohio is both firmly established and regularly applied making it an adequate and independent state ground barring federal review under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). [11] See *Fautenberry v. Mitchell*, 515 F.3d 614, 633 (6th Cir. 2008);  *Jacobs v. Mohr*, 265 F.3d 407, 417-19 (6th Cir. 2001).  Moviel seeks to challenge the regularity of the application of *res judicata* in Ohio's courts as part of the extension of his debate based on *State v. Douse*.  Moviel argues that the matter was not resolved because in *"Moviel I"* the trial court's judgment had been vacated and is a nullity.  However, "the conclusively settled doctrine [is] that the scope and effect of a state judgment is peculiarly a question of state law, and therefore a decision relating only to such subject involves no Federal question." *Corbett v. Craven,* 215 U.S. 125, 130, 30 S.Ct. 64, 66, 54 L.Ed. 122 (1909).


### D. Grounds III and IV-Sentencing Issues:

---

[11] "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must decide whether the state courts actually enforced the state procedural sanction. Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim." The fourth factor, whether the petitioner has established cause for his failure to follow the rule and actual prejudice from the alleged constitutional error, applies when the first three have been established.

*Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001)(quoting *Maupin* at 138); and see *Beuke v. Houk,*  537 F.3d 618, 630 (6th Cir. 2008).

On March 14, 2005, Moviel was originally sentenced to a total of 8 years with a combination of consecutive and concurrent sentences.  Counts 2 and 3 of the indictment charged illegal use of a minor in nudity-oriented material/performance under Ohio Rev. Code §2907.323, but were amended to "attempt" which reduced these F2 offenses to F3 level offenses. See Ohio Rev. Code §2923.02(E). Moviel maintained  that since the highest level of offenses were F3's, and the minimum sentence for F3 offenses was one-year, so as a first offender he should have been sentenced concurrently to the minimum penalty under the Ohio sentencing statutes then in effect. See Ohio Rev. Code §2929.14(B)(favoring minimum sentences); §2929.14(E)(setting requirements for consecutive sentencing). *Moviel I* was decided on February 16, 2006, just days before February 27, 2006, when the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006 - Ohio - 856 (2006), *cert. denied*, 549 U.S. 979 (2006),  re-evaluated the state's sentencing scheme in light of the holdings of the U.S. Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435  (2000),  *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *U.S. v. Booker*,  543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and eviscerated § 2929.14(B)'s presumption in favor of a minimum term for offenders who had not served time in prison, and severed  §2929.14(E)'s judicial fact-finding requirements prior to imposing consecutive sentences.  *Foster,* at 19-20.   The Ohio Supreme Court ordered prospective application to cases pending on direct review, which included Moviel's case since he opted to appeal the Eighth District Court of Appeals decision in *"Moviel I"* to the Ohio Supreme Court.  See *State v. Foster*, 109 Ohio St.3d at 31, 845 N.E.2d at 499; and see *Griffith v. Kentucky*, 479 U.S. 314, 322-23, 107 S.Ct. 708, 713, 93 L.Ed.2d 649 (1987)(Failure to apply newly declared constitutional rule to criminal cases pending on direct review violates basis norms of constitutional adjudication.).  It is ironic that on the

1:08 CV 1612                                   27

initial appeal in *Moviel I*, Moviel had sought resentencing in light of *Blakely v. Washington*. See

*Moviel I*, 2006 WL 350295 at ¶¶ 25-32.  In light of *State v. Foster*, the state trial court believed that

it was no longer bound by the sentencing statutes favoring minimal and concurrent sentences and

resentenced Moviel to 8 years. The state appellate court in *"Moviel II"* affirmed.


    Moviel argues under his third ground that he:

    had served a considerable period of time filed a motion to satisfy his sentence and
    discharge him based on a change in the law.  Petitioner was sentenced under Ohio law
    which required various findings by the court in order to impose more than a minimum
    sentence and a consecutive sentence. The Ohio Supreme Court declared the law
    unconstitutional and when petitioner was resentenced the law was not in effect. Since
    petitioner had served more than a minimum sentence he was entitled to have his
    sentence satisfied and discharged in order to satisfy the requirements of the
    Fourteenth Amendment.

    Under his fourth ground Moviel argues that he:

    was denied due process of law when he was sentenced to more than a minimum and
    consecutive sentences by the court who merely parroted its prior sentencing which
    was held to be unconstitutional. The court failed to consider the statutory criteria in
    order to impose more than a minimum sentence and also to impose a consecutive
    sentence.


*State Court Decision :*

    The gist of these arguments is that the state trial court unlawfully  retroactively  applied *State*

*v. Foster*.  The state appellate court in *"Moviel II"* rejected this contention reasoning:

    {¶ 32} Prior to *Foster*, a defendant who had not served a prior prison term was entitled to a
    presumption in favor of the shortest prison term. R.C. 2929.14(B). However, *Foster* declared
    this statutory subsection unconstitutional. Id. at paragraph one of the syllabus. Post- *Foster*,
    a court is no longer required to engage in the judicial factfinding exercise mandated by former
    R.C. 2929.14(B) and, by implication, a defendant who has served no prior prison term is no

1:08 CV 1612                              28

longer entitled to a presumption of the shortest prison term. *Id.* at paragraph two of the syllabus. Post- *Foster*, a court is vested with the discretion to sentence a felony defendant to any sentence allowable by law under R .C. 2929.14(A). Id. at paragraph seven of the syllabus.

{¶ 33} In addition, Moviel argues that *Foster* violates the Ex Post Facto Clause of the United States and Ohio Constitutions. It is now well established that Foster did no such thing. See *State v. Mallette*, 8th Dist. No. 87984, 2007-Ohio-715, and *State v. Dawson*, 8th Dist. No. 88485, 2007-Ohio-2761 (where we cited to every other appellate court in the state of Ohio that also reached the same conclusion).

"*Moviel II*," 2007 WL 3286888, at * 4.

*State Court Decision was neither contrary to nor an unreasonable application of Federal law:*

When the legislatively-imposed state guidelines evaporate, the constitution does not require the state courts to create an equivalent replacement, or enforce these guidelines for the sake of leniency. This principle is exemplified by Federal defendants who under  similar circumstances following *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) were  resentenced without guideline restrictions having mandatory effect. See *United States v. Barton*, 455 F.3d 649, 652 (6th Cir. 2006), *cert. denied*, 549 U.S. 1087 (2006).  Retroactive application of *Booker* did not violate due process. *Id.*; *United States v. Sexton*, 512 F.3d 326, 331 (6th Cir. 2008); and see *Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (When a decision of the Supreme Court "results in a 'new rule' that rule applies to all criminal cases still pending on direct review."). There is no guarantee that a more lenient sentence would be imposed on remand under *Booker*, as the U.S. Supreme Court observed:

> In *Booker* 's wake, it was common for newly convicted defendants to appeal their sentences, claiming that they received enhancements that they would not have received under the advisory guidelines. Many of those cases were remanded for resentencing, and **some defendants wound up with even longer sentences on remand**. See, e.g., *United States v. Singletary*, 458 F.3d 72, 77(CA2) (affirming a sentence lengthened by 12 months following a *Booker* remand), *cert. denied*, 549 U.S. 1047, 127 S.Ct. 616, 166 L.Ed.2d 457 (2006); *United States v. Reinhart*, 442 F.3d 857, 860-861 (C.A.5

1:08 CV 1612                                29

2006) (affirming a sentence lengthened from 210 months to 235 months following a *Booker* remand) (emphasis supplied).

*Greenlaw v. U.S.*, 554 U.S.-, 128 S.Ct. 2559, 2576 n.2, 171 L.Ed.2d 399 (2008).

Moreover, as observed in *Keith v. Voorhies,* where nearly identical arguments were raised:

> Additionally, the Court notes that the *Foster* remedy very closely tracked that of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See *Foster*, 845 N.E.2d at 496-99 (discussing *Booker* and fashioning remedy based on the *Booker* decision). The Sixth Circuit has repeatedly held that *Booker*'s remedy does not create an *ex post facto* or similar due process argument upon re-sentencing. *United States v. Hill,* 209 F. App'x 467, 468 (6th Cir.2006); *United States v. Barton*, 455 F.3d 649, 652-57 (6th Cir.2006); *United States v. Shepherd*, 453 F.3d 702, 705-06 (6th Cir.2006).

*Keith v. Voorhies,* 2009 WL 185765, at *11 (N.D.Ohio).

In short, there is no clearly established Federal law for the resolution of Moviel's "*ex post facto*" issue.  See *Knowles v. Mirzayance*. -U.S.-, 129 S.Ct.1411,1419, 173 L.Ed.2d 251 (2009)(quoting *Wright v. Van Patten*, 552 U.S. 120, 128 S.Ct., 743,746-47, 169 L.Ed.2d 583 (2008) (*per curiam*)( "[I]t is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." ).

Also under the fourth ground, Moviel argues that the record does not contain any judicial consideration of the mandated statutory factors as instructed in *State v. Mathis*, 109 Ohio St. 3d 54, 846 N.E. 2d 1 (2006). This ground presents no Federal constitutional claim.  "[I]t is not the province of a federal  habeas court to reexamine state-court determination on state-law questions"  except in extraordinary situations where the error  resulted in a fundamentally unfair trial.  See *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *Lewis v. Jeffers*, 497 U.S. 764, 780,

1:08 CV 1612                                30

110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); *Estelle  v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct.

475, 479, 116 L.Ed.2d 385 (1991); *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 874-5, 79 L.Ed.2d

29 (1984);  *Lilly v. Virginia,*  527 U.S. 116, 123, 119 S.Ct. 1887, 1893, 144 L.Ed.2d 117 (1999).

Obviously, the fourth ground does not challenge the "trial," but a post-trial matter of  alleged lack of

compliance with Ohio's statutory sentence provisions.

### E: Ground 5- Adjudication as Sexual Predator:

Moviel argues that he:

was declared a sexual predator. However no evidence of any sort was offered to
support that claim. Therefore petitioner was denied due process of law.

*State Court Decision:*

This ground was considered in *"Moviel II,"* finding it *res judicata*:

{¶ 42} In his final assignment of error, Moviel contends that he was denied due
process of law when the trial court found him to be a sexual predator without any
evidence.

{¶ 43} At the resentencing hearing, the trial court classified Moviel to be a sexual
predator without a hearing. Moviel argues that the trial court erred by not doing so.
However, we conclude that the trial court did not have jurisdiction to revisit the sexual
predator classification.

{¶ 44} In *Moviel* I, we affirmed the trial court's decision labeling Moviel a sexual
predator. *Id.* at _40. The Supreme Court accepted the case for discretionary appeal only
on the issue of Moviel's consecutive sentences, and reversed our decision on that issue
alone. *In re Ohio Criminal Sentencing Statutes Cases*, supra. The Supreme Court did
not reverse this court's decision affirming the sexual predator classification. Thus, the
trial court was without jurisdiction to consider the issue.

{¶ 45} In addition, "[t]he judgment of the reviewing court is controlling upon the
lower court as to all matters within the compass of the judgment." *State ex rel. Special*

*Prosecutors*, supra, at 97. The law is well settled that, absent a specific remand or "over issues not inconsistent with that of the appellate court," a trial court does not regain jurisdiction after the case is appealed. *Id.* Accordingly, Moviel's sexual predator classification, determined in March 2005, and affirmed by this court in February 2006, still stands.

"*Moviel II*," 2007 WL 3286888, at ¶¶ 42-45.

*Issue is not cognizable under 28 U.S.C. §2254:*

Moviel responds in his traverse that he was declared a sexual predator contemporaneously with resentencing and accordingly this is a mater that can be reviewed on habeas corpus. It cannot be reviewed . First, the state decision found procedural default under Ohio's *res judicata* principles, and again Moviel's due process argument is merely an oblique challenge to the application of the state's *res judicata* principles. It fails to present a Federal claim.

 Second,  Moviel is not "in custody pursuant to the judgment of a State court" as required by 28 U.S.C. §2254(a) for jurisdiction due to the adjudication that he is a sexual predator.  The U.S. Supreme Court  recognizes  that state sexual predator provisions may possess civil or criminal qualities. See *Smith v. Doe*, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003);  *Seling v. Young*, 531 U.S. 250, 121 S.Ct. 727, 148 L.Ed.2d 734 (2001); *Kansas v. Hendricks*, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). However, Ohio's registration and notification laws do not resemble punishment because they do not subject an offender to an "affirmative disability or restraint."  *Smith*, 538 U.S. at 97, 123 S.Ct. at 1151( citing *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 167-69, 83 S.Ct 554, 567-68, 9 L.Ed.2d 644 (1963)). The Supreme Court reasoned in *Smith* that a state  labeling and

1:08 CV 1612                                      32

community notification scheme is generally civil unless it is "so punitive either in purpose or effect as to negate [the State's] intention to deem it civil." *Smith*, 538 U.S. at 92, 123 S.Ct at 1147 (citing *Kansas v. Hendricks*, 521 U.S. at  361 quoting *United States v. Ward*, 448 U.S. 242, 248-249, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980)).


When the state court merely requires post release registration under Ohio Rev. Code Chapter 2950  after defendant serves the period of incarceration there is no restraint, hence no state custody. See *Lewis v. Randle*, 36 Fed. Appx. 779 (6th Cir. March 4, 2002); *Leslie v. Randle*, 296 F.3d 518, 523 (6th Cir. 2002)( and J. Clay's concurrence). Ohio's statute establishes only a form of civil regulation. See *Shie v. Voorhies,*  2009 WL 1212473, at *15 (N.D. Ohio)(citing  *State v. Cook*, 83 Ohio St.3d 404, 422, 700 N.E.2d 570 (Ohio 1998)).   The penalty is merely a collateral consequence of conviction. See *Leslie*, 296 F.3d at 521(citing *Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)).

### *CONCLUSION AND RECOMMENDATION*

Petitioner, William Moviel, has not demonstrated that he is in custody pursuant to a judgment of the state court which resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the State court proceeding.  See 28 U.S.C. §2254(d)(1) and (2). There has been no demonstrated need for an evidentiary hearing.  It is recommended that this application for habeas corpus relief be denied and dismissed in its entirety.

1:08 CV 1612                                        33


                                        s/James S. Gallas
                              _____
                              United States Magistrate Judge


        ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court

within ten (10) days of mailing of this notice.  Failure to file objections within the specified time

WAIVES the right to appeal the Magistrate Judge's recommendation.  *See, United States v. Walters*,

638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

Dated: October 5,  2009